UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| LAMAR WOODHOUSE, | : | |
|---|---|---|
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:08-cv-01175 (VLB) |
| JEFFREY McGILL ET AL., | : | |
| Defendants. | : | December 17, 2008 |

## RULING DENYING DEFENDANTS' MOTION TO DISMISS [Doc. #10]

The plaintiff, Lamar Woodhouse, commenced this civil rights action pursuant to 42 U.S.C. § 1983 pro se and in forma pauperis against the defendants, Warden Jeffrey McGill, Deputy Warden Neftali Rodriguez, and Captain Salius, in their individual capacities for money damages. The defendants are employees of the Connecticut Department of Correction. Woodhouse claims that the defendants deprived him of access to exculpatory evidence in his criminal trial. The defendants have filed a motion to dismiss. For the reasons that follow, the defendants' motion is DENIED.

Woodhouse was charged in state court in connection with a police chase and a hit and run accident on March 9, 2005. According to a state court document attached to Woodhouse's complaint, he was charged with reckless endangerment in the first degree, interference with an officer / resisting arrest, possession of narcotics, and use of a motor vehicle without permission. In his complaint, Woodhouse alleges that the prosecutor disclosed the existence of a cassette tape containing a police dispatch recording of officers responding to the

chase and accident. Woodhouse alleges that the recording constitutes exculpatory evidence because it contains a description of the suspect's vehicle that is different from the vehicle that Woodhouse was driving when he was arrested. The prosecutor did not introduce the tape into evidence at Woodhouse's trial. Woodhouse, who was proceeding pro se, obtained permission from the court to listen to the tape at the state prison during the course of his trial. Salius was responsible for transporting the tape to the prison, storing it in a safe, and making it available to Woodhouse. However, Salius lost the tape, and Woodhouse never had an opportunity to listen to it. State court records indicate that Woodhouse was convicted on the charge of interference with an officer / resisting arrest and was sentenced to one year in prison. It appears that Woodhouse did not file a direct appeal from his conviction.

When considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from the allegations in the light most favorable to the plaintiff. See Flores v. Southern Peru Copper Corp., 414 F.3d 233, 237 (2d Cir. 2003). The court considers not whether the plaintiff ultimately will prevail, but whether he has stated a claim upon which relief may be granted so that he should be entitled to offer evidence to support his claim. See York v. Association of Bar of City of New York, 286 F.3d 122, 125 (2d Cir. 2002). In its review of a motion to dismiss, the Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants." Gomes v. Avco Corp., 964 F.2d 1330, 1335 (2d Cir. 1992).

The defendants move to dismiss the complaint on the ground that it is barred by Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the United States Supreme Court held that, if a decision in the prisoner's favor would call into question the validity of his conviction, the prisoner may not bring an action for damages until his conviction has been reversed on direct appeal or called into question by the issuance of a writ of habeas corpus.  See id. at 486-87.

Woodhouse alleges that the defendants did not permit him to listen to the recording, thereby hindering his ability to prepare a defense.  He argues that but for the defendants' interference, he would not have been convicted.  The denial of access to exculpatory evidence typically calls into question the validity of a conviction.  Amaker v. Weiner, 179 F.3d 48, 51 (2d Cir. 1999).  In the present case, however, the evidence allegedly contained in the tape was not necessarily exculpatory with respect to the only charge on which Woodhouse was convicted, namely, interference with an officer / resisting arrest.  Even if Woodhouse's vehicle did not match the description of the suspect's vehicle, Woodhouse could still have been validly convicted on that charge.  A decision in Woodhouse's favor, namely, that the defendants wrongfully deprived him of the tape, would therefore not call into question the validity of his conviction.  The wrongful deprivation of the tape would relate only to Woodhouse's sentence.  If Woodhouse had had access to the tape, and if it indicated that his vehicle did not match the suspect's vehicle, he might not have received one year in prison for interfering with an officer / resisting arrest because he could have explained his

3

unlawful conduct as his reaction to an erroneous traffic stop. That explanation would have supported a request for a more lenient sentence.

McGill and Rodriguez also move to dismiss on the ground that Salius lost the tape and, therefore, they were not personally involved in the alleged violation of § 1983. However, McGill and Rodriguez made the decision to entrust the tape to Salius. That decision constitutes sufficient personal involvement at this early stage of the case. The Court determines that it is appropriate to defer consideration of the facts of each defendant's involvement until the summary judgment stage.

The defendants' motion to dismiss [Doc. #10] is DENIED.

                                      IT IS SO ORDERED.

                                      /s/
                                  Vanessa L. Bryant
                                  United States District Judge

Dated at Hartford, Connecticut: December 17, 2008.